IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : |
| Plaintiff, | : Case No. : |
| v. | : : : |
| BOCA GROUP, LLC d/b/a/ MENORAH HOUSE, | : : : |
| Defendant. | : : : |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Elda Thomas ("Ms. Thomas") who was adversely affected by such practices.

As alleged with greater particularity in paragraphs 7 through 24 below, the Equal Employment Opportunity Commission (the "Commission") alleges that defendant Boca Group, LLC d/b/a Menorah House ("Defendant") discriminated against Ms. Thomas when it failed to provide her a religious accommodation and subsequently terminated her employment.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (f)(3)

of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

## PARTIES

3. The Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3).

4. At all relevant times, Defendant has continuously been a Florida corporation doing business in the State of Florida and within the City of Boca Raton and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## ADMINISTRATIVE PROCEEDINGS

6. More than thirty days prior to the institution of this lawsuit, Ms. Thomas filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

7. Ms. Thomas is a Seventh Day Adventist and, as part of her religious beliefs and practices, does not perform work on the Sabbath, defined as the time between sundown on Friday and Sundown on Saturday.

8. Defendant is a nursing and rehabilitation facility that provides both short and long term care to its residents.

9. From approximately January 1995 until February 2009, Ms. Thomas worked for Defendant.

10. At or near the beginning of her employment, Ms. Thomas informed Defendant that she was a Seventh Day Adventist and did not perform work on the Sabbath. As such, she requested that Defendant not schedule her to work on Saturdays as an accommodation to her religious beliefs.

11. Defendant accommodated Ms. Thomas's religious beliefs and Ms. Thomas was not scheduled to work on Saturdays at any time during her employment prior to February 2009.

12. In approximately December 2008, Ms. Thomas switched positions within Defendant's operation and became a Certified Nursing Assistant ("CNA"). Therefore, on December 8, 2008, Ms. Thomas advised Defendant's Director of Nursing, in writing, of the following: "I am a seventh day Adventist, therefore am unable to work on Saturday in observance of my Sabbath. . . . I will start working on the floor as you requested but I will not be able to work any Saturday in observance of my faith. I will gladly work every Sunday to fulfill my week-end requirements."

13. As in the past, Defendant accommodated Ms. Thomas's December 2008 request and did not initially schedule Ms. Thomas to work on Saturdays.

14. On January 15, 2009, Defendant posted a memorandum announcing its decision to require all employees to work every other Saturday and Sunday.

15. The memorandum stated that "[t]he employees that work only one day on the weekends will now be required to work every other Saturday and Sunday" and that "[p]revious schedule arrangements will no longer be in effect."

16. Following the posting of this memorandum, Ms. Thomas again requested, in writing, the accommodation of not working on Saturdays. Ms. Thomas specifically advised Defendant that she was "willing to work on any day during the six working day period-from Sunday to Friday."

17. Notwithstanding its knowledge of Ms. Thomas's need for a religious accommodation to allow her to observe the Sabbath, Defendant scheduled Ms. Thomas to work on Saturday, February 7, 2009.

18. After learning that she was scheduled to work on Saturday, February 7, 2009, Ms. Thomas reminded Defendant that she needed an accommodation, advised Defendant that she would not be reporting to work on that date, and asked not to be labeled a "no call, no show."

19. Ms. Thomas did not report to work on Saturday, February 7, 2009.

20. When Ms. Thomas reported to work on Sunday, February 8, 2009, a supervisor instructed her to go home, and advised her to wait for someone from Defendant to contact her.

21. When Defendant did not contact her after several days, Ms. Thomas again contacted Defendant, in writing, on February 12, 2009, and February 18, 2009. In these communications, Ms. Thomas again advised Defendant that she was a Seventh Day Adventist, and that she could not work on Saturdays. Ms. Thomas further requested that Defendant provide her with a reasonable accommodation.

22. On February 23, 2009, Defendant contacted Ms. Thomas for the first time, and inquired as to her whereabouts. Defendant stated that Ms. Thomas was supposed to report to

work on February 9, 2009, to speak with Defendant's Director of Nursing, and had failed to report to work for numerous shifts.

23. Ms. Thomas met with Defendant on February 27, 2009. During this meeting, Defendant did not offer Ms. Thomas a reasonable accommodation, and instead terminated her employment for "job abandonment."

24. As a result of Defendant's conduct, Ms. Thomas suffered damages.

## STATEMENT OF CLAIMS

25. Defendant engaged in an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a) by failing to accommodate Ms. Thomas's sincerely held religious beliefs and by terminating her as a result.

26. The effect of the practices complained of in paragraphs 7 through 24 has been to deprive Ms. Thomas of equal employment opportunities and otherwise adversely impact her status as an employee because of her religion.

27. The unlawful employment practices complained of in paragraphs 7 through 24 above were intentional and caused Ms. Thomas to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical injuries.

28. The unlawful employment practices complained of in paragraphs 7 through 24 above were intentional and caused Ms. Thomas to lose earnings, compensation and income including, but not limited to, back-pay.

29. The unlawful employment practices complained of in paragraphs 7 through 24 were intentionally done with malice and/or reckless indifference to the federally protected rights of Ms. Thomas.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in religious discrimination against employees, retaliating against employees who object to religious discrimination, and engaging in any other employment practice that discriminates on the basis of religion.

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees of all religions and that eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Ms. Thomas by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement of Ms. Thomas into her former or a substantially similar position, with a religious accommodation, or front pay in lieu thereof.

D.  Order Defendant to make whole Ms. Thomas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 24 including, but not limited to, back-pay, prejudgment interest, and all out-of-pocket expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Ms. Thomas by providing compensation for past and future non-pecuniary losses resulting form the unlawful employment practices complained of in paragraphs 7 through 24 including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay to Ms. Thomas punitive damages for its malicious and reckless conduct described in paragraphs 7 through 24, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  February 14, 2012

         Respectfully submitted,

         P. DAVID LOPEZ
         General Counsel

         JAMES L. LEE
         Deputy General Counsel

         GWENDOLYN YOUNG REAMS
         Associate General Counsel

         U.S. Equal Employment
         Opportunity Commission
         131 M Street, N.E.
         Washington, D.C.  20507

         ROBERT WEISBERG
         Regional Attorney
         Florida Bar No: 285676

         KIMBERLY McCOY-CRUZ
         Supervisory Trial Attorney
         Florida Bar No: 153729

         KALEB M. KASPERSON
         Trial Attorney
         Florida Bar No: 0658766

      /s/ Kristen Foslid_____
KRISTEN FOSLID
TRIAL ATTORNEY
Florida Bar No: 0688681
Equal Employment Opportunity Commission
Miami District Office
Two South Biscayne Blvd., Su. 2700
Miami, Florida 33131
Tel: 305-808-1803
Fax: 305-808-1835
kristen.foslid@eeoc.gov